IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KROGER LIMITED PARTNERSHIP I,**                       **PLAINTIFF,**

**VS.**                                                     **CIVIL ACTION NO. 4:04CV264-P-B**

**MITCHELL DELTA DISTRIBUTING, LLC**
**AND DARRELL RHODES,**                                  **DEFENDANTS.**

## ORDER

This matter comes before the court upon Plaintiff's Motion to Set Aside Judgment [10-1]. Upon due consideration of the motion, and no response having been filed by Darrell Rhodes, the court finds as follows, to-wit:

On March 23, 2005 the court dismissed without prejudice defendant Darrell Rhodes by reason of his pending Chapter 13 bankruptcy Case No. 04-05394 in the Southern District of Mississippi. The plaintiff requests that this judgment be set aside pursuant to Fed. R. Civ. P. 60(b)(6) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party ... from final judgment, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of judgment."

The plaintiff seeks to hold Mitchell Delta Distributing, LLC and Darrell Rhodes liable for $72, 472.00 resulting from Darrell Rhodes shorting Kroger beer inventory while acting in the scope of his employment with Mitchell Delta Distributing, LLC. Kroger also seeks punitive damages against Rhodes.

Rhodes has pled guilty to, and has been sentenced for, grand larceny in connection with the aforementioned behavior. Thus, Kroger argues that there is a high likelihood of success on

1

the merits of the instant civil case against Rhodes. Furthermore, Kroger asserts, Rhode's conduct amounts to an intentional tort which means this debt should not be discharged in bankruptcy pursuant to 11 U.S.C. § 523(a)(4) and (6) which provides in pertinent part: "A discharge under ... this title does not discharge an individual debtor from any debt ... (4) for fraud or defalcation while acting in a fiduciary, embezzlement, or larceny; ... [or] (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

The instant motion to set aside judgment dismissing Rhodes by reason of bankruptcy was filed on March 25, 2005. Rhodes's deadline to file his response was April 11, 2005. No response has ever been filed by Rhodes who is acting in a pro se capacity while out of jail on probation.

The court concludes that Kroger's motion to set aside judgment pursuant to Rule 60(b)(6) should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Set Aside Judgment [10-1] is hereby **GRANTED**;

(2) The court's March 23, 2005 Order [8-1] dismissing without prejudice the plaintiff's claims against Darrell Rhodes by reason of Rhodes's pending Chapter 13 bankruptcy is **VACATED**; and

(3) Darrell Rhodes is reinstated as a defendant in this suit subject to the bankruptcy court's approval of a lifting of the automatic stay with respect to the instant claims against the debtor.

**SO ORDERED** this the 20th day of April, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE